# United States Court of Appeals
## For the First Circuit
_____

No. 24-1115

ALLAN M. LEAVITT, Individually, and as Class Representative,

Plaintiff - Appellant

J. DOE 1-100,

Plaintiff,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION, a Texas Department of Insurance Regulated Reciprocal Inter-insurance Exchange and Subsidiary; GEICO INDEMNITY COMPANY; THE COMMERCE INSURANCE COMPANY, INC.,

Defendants - Appellees,

J. ROE 1-100,

Defendant.

_____

**On Appeal From A Judgment In A Civil Case Entered In The United States District Court for the District of Massachusetts on January 19, 2024**

**PLAINTIFFS' AND CLASS MEMBERS' RESPONSE TO ORDER TO SHOW CAUSE WHY THIS APPEAL SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

Respectfully submitted,

ALLAN M. LEAVITT, etc. By attorney:
WILLIAM J. RUOTOLO
PO Box 111, North Scituate, RI 02857
(401) 489-1051

1

Horrified but not dissuaded. *Suppressed* but not silenced. Lied to but not deceived. Threatened but steadfast for Due Process and Democracy.

**Ex Parte Communications.** Prior to any ruling on this motion, the Plaintiffs and Class Members demand the Judges involved in ruling on this response REVEAL ANY EX PARTE COMMUNICATIONS NOT PERMITTED BY THE CODE OF CONDUCT FOR UNITED STATES JUDGES, CANNON 3(A)(4), AND ITS COMMENTARY in accordance with their motion which has been filed.

**The Court's Order.** The District Court and Court of appeals have ORDERED the Plaintiff and Class Members "to move for voluntary dismissal of the appeal pursuant to Fed. R. Civ. P. 42(b) or to show cause, in writing, why this appeal should not be dismissed for lack of jurisdiction." *See* Exhibit 1, Page 2.

The Court in its order writes:

> Because the order appealed from **does not appear** to be final or appealable on an interlocutory basis, and because an order determining the amount of fees as described in the January 27, 2024 order (D.E. 136) has yet to issue, this court **does not appear** have jurisdiction to review this appeal. See 28 U.S.C. §§ 1291, 1292. See also Riley v. Kennedy, 553 U.S. 406, 419 (2008)...

Emphasis added. And the only document **apparently** reviewed by this Court was D.E. 136. Yet it had access to the Class Action Complaint. And that had access,

2

should have been proof enough to "show cause" why this interlocutory[1] appeal should be granted. It clearly knew Count I plead:

> The entirety of this Class Action hinges and rests on the following proposition and plea for declaration[2] by the Class Members which is, and has been, denied by these Defendants:
>
> **Proposition and Plea for Declaration:** Massachusetts statute requires non-Massachusetts resident motor vehicle owners to maintain Massachusetts PIP provisions as part of their policy of liability insurance when their vehicles are operated in the Commonwealth of Massachusetts.

*See* Exhibit 3. The plea was that the District Court *declare* that plea (pages 36 – 38). Yet, that plea was *suppressed* and ignored. Without any application of law to fact. Without reason, justification, or excuse. *See* G.L. c. 231A, § 3 requiring a reason "state[d] in the record" should the Court refuse to declare the law. Not declaring the law deprives persons of knowing and being granted their rights.

Yet all the District Court Judge needed to do was to declare Massachusetts statute DOES NOT require non-Massachusetts resident motor vehicle owners to maintain Massachusetts PIP provisions as part of their policy of liability insurance when their vehicles are operated in the Commonwealth of Massachusetts. She refused to do so. *See* Exhibit 4, p. 21, line 7 et seq.. She was required to do so as a matter of due process. She intended to *suppress* a declaration of law and rights of

---

1 The Court is advised that this "show cause" addresses *interlocutory* appeal and not all issues on full appeal.
2 A declaration of the disputed law must be declared for it is intended as a prospective trigger of coverage, rights, duties, and obligations; it is not a retrospective test. And people are entitled to know their rights.

due process. Instead, the judge ruled (D.E. 136) that the matters plead above by the Class and Class Representative have been declared before in a state court action (hence the fraudulent grounds for dismissal: res judicata and *Rooker-Feldman*).

In its review of the interlocutory appeal papers filed, did this Court not comprehend this is a Class Action? Did the Court not see that nowhere in (D.E. 136) that *the rights of the Plaintiffs and Class Members in due process and equal protection had not even been addressed by the District Court*[3] and that their rights in a declaration of law have been *suppressed* (yet again for the Plaintiff) by this District Court Judge? It "**appear**"(**s**) unlikely.

Did this Court not see the District Court judge failing and refusing to address the Plaintiff, Allan M. Leavitt's, rights as a Class Member? As a Class Representative? To a declaration of the law now? Today? Not in any prior time. And not in any prior litigation (res judicata and *Rooker-Feldman*).

**The Court Knows this is a Class Action.** But what is clear, the Court has reviewed documents concerning the pleas made before the District Court. This Court knows well that the Complaint in District Court involves a Class Action. This Court knows well that the District Judge *suppressed* the rights of the Plaintiffs and Class Members by failing and refusing to address [a] whether there exists a

---

3 And has even struck (and continues to strike) from the record, papers filed by them suppressing their rights.

Class,[4] [b] whether the law as plead in the Complaint has been addressed, [c] whether the Plaintiffs' and Class Members' rights to due process and equal protection of the law have been violated by failing and refusing to address those rights among other rights which warrant interlocutory appeal for the reasons stated below, [d] whether there was a Class, [e] whether there was entitlement to a declaration of law by the Plaintiffs and Class Members, [f] whether the Plaintiff, ALLAN M. LEAVAITT, was, is, and will always have, standing as a Class Representative, [g] among many other issues unaddressed by the trial court and for which neither the Plaintiffs nor Class Members have the reasons for dismissal for which they can argue on appeal.

**Issues Unaddressed by the District Court.** This Court has jurisdiction in this interlocutory appeal as these matters plead have not even been addressed by the District Court as her intent was to *suppress* those issues for which the Plaintiffs and Class Members have indicated require the Court's reasoning(s) for dismissal for purposes of appeal. She refused to address those issues.

***Suppression.*** The matter before the Court involves *suppression* of the Plaintiffs' and Class Members' rights of due process and equal protection in a declaration of law involving urgent matters of "human welfare and public safety."

---

4 Rule 23 requires the Court to issue a Certification Order "At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." No effort was ever made by the District Court because her intent was to *suppress* a declaration of law for the Class.

*O'roak* v. *Lloyds Casualty Company*, 285 Mass. 532, 536 (1934). And though the District Court has *suppressed* addressing a declaration of law as well as whether there is a Class, shockingly, the *suppression* continues in the Court of Appeals violating the Plaintiffs' and Class Members' due process and equal protection rights.

The following appear to be the judges who ordered the Plaintiffs and Class Members to show cause why this appeal should not be dismissed for lack of jurisdiction for the recent ORDER(s) were "By the Court:"[5]

David J. Barron
Bruce Selya
Sandra L. Lynch
Kermit V. Lipez
Jeffrey R. Howard
O. Rogeriee Thompson
William J. Kayatta, Jr.
Gustavo A. Gelpi
Lara E. Montecalvo
Julie Rikelman

**Purpose of the Law to Be Declared.** The "welfare and safety" of, inter alia, children are involved in this Class Action. Those judges who participated in the ORDER(s) in the Court of Appeals have now made it to the list of those who have been involved in this Landmark Legal Discovery which states, but remains undeclared: **Massachusetts statute requires non-Massachusetts resident motor vehicle owners to maintain Massachusetts PIP provisions as part of their**

---

5 *See* Exhibit 2.

6

**policy of liability insurance when their vehicles are operated in the Commonwealth of Massachusetts**. And which has been *suppressed* those judges.

## LAW AND AUTHORITY

### The Purpose of Show Cause

The purpose of an order to show cause involves requesting a party provide information as to why the Court should, or should not, grant a motion for relief. Here, it involves an interlocutory appeal.

However, this order to show cause was issued by the Court en banc without the Appellees having to do anything more than claiming they intended to file a motion for summary disposition. No reasons by the Appellees or the Court why they believe summary disposition should be granted. Notwithstanding the Court ruled "The appellant is ordered to move for voluntary dismissal of the appeal..." Wow. It is apparent, as it has been for eleven years, that summary disposition without adjudication and clear *suppression* of the rights of due process and equal protection is the norm in the Commonwealth of Massachusetts at the state and federal level. Democracy here is dead.

### The Purpose of Rule 42

Rule 42(b) states:

Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must[6] preserve any federal right to a jury trial.

It appears the purpose of Rule 42(a) "...is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." Wright & A. Miller, Federal Practice and Procedure, § 2381 (1971).

## The Purpose of Interlocutory Appeal

The collateral order exception to the res judicata doctrine makes this interlocutory appeal possible in that:

1.     The District Court ORDER (139) conclusively determined (by way of *suppression*) Count I of the Class Action Complaint which alleged a Class and demanded a declaration of the law that was summarily dismissed without being addressed *suppressing* the Plaintiffs' and Class Members' rights to due process and equal protection.

2.     The ORDER (139) resolved those issues completely separate from the merits of the action.

---

6 "...the Court *must*..." All prior judges have *suppressed* a declaration of law. You *must* do justice. Be like no other.

3.     The ORDER (139) is unreviewable for purposes of [a] whether there exists a Class, [b] whether the law as plead in the Complaint has been addressed, [c] whether the Plaintiffs' and Class Members' rights to due process and equal protection of the law have been violated by failing and refusing to address those rights among other rights which warrant interlocutory appeal for the reasons stated below, [d] whether there was a Class, [e] whether there was entitlement to a declaration of law by the Plaintiffs and Class Members, [f] whether the Plaintiff, ALLAN M. LEAVAITT, was, is, and will always have, standing as a Class Representative, [g] among many other issues unaddressed by the trial court and for which neither the Plaintiffs nor Class Members have the reasons for dismissal for which they can argue on appeal.

### GROUNDS FOR RELIEF & APPLICATION OF LAW TO FACT

**Insult to Justice.** What a profound insult to justice for the Court of Appeals for the First Circuit to ORDER the Plaintiffs and Class Members to "move for voluntary dismissal of the appeal pursuant to Fed. R. App. P. 42(b), or to show cause, in writing, why this appeal should not be dismissed for lack of jurisdiction"[7] when, in fact, this Court knows (has has known since 2021(in 21-1561) that the matters before the Court involve *suppression* of the plea for declaratory relief which claims that **Massachusetts statute requires non-Massachusetts resident motor**

---
7 *See* Exhibit 1.

9

**vehicle owners to maintain Massachusetts PIP provisions as part of their policy of liability insurance when their vehicles are operated in the Commonwealth of Massachusetts.** *See* all Complaints attached as exhibits. That law has never been declared because it has been *suppressed*. When the Plaintiffs and Class Members demanded the judge inform him where that law has been declared and what that law is, she refused to do so. She even refused to order GEICO, USAA, and The Commerce Insurance Company (CIC) to do so. *See* Exhibit 4, page 21, at 7, et seq.

This alone shows cause why this appeal should not be dismissed for lack of jurisdiction.

### This is a Class Action

**Protecting the Class.** The Class Members and Plaintiffs request that this Court act as a *fiduciary* for the Class from the <u>inception</u> of this law suit and declare the law for it has been long observed by the Federal Judicial Center that:

> Perhaps from the outset of the litigation..."the district judge must protect the class's interest by acting as a *fiduciary* for the class."

*Managing Class Action Litigation: A Pocket Guide for Judges,* Third Edition, Barbara J. Rothstein Thomas E. Willging, Federal Judicial Center 2010 quoting *In re* Rite Aid Corp. Securities Litigation, 396 F.3d 294, 307 (3d Cir. 2005). Emphasis added. The District judge failed to act as a fiduciary for the Class from the outset of the litigation or at any time. In fact, she was its worst enemy.

10

**The Law As Plead**

A declaration of law which states, but is undeclared that: **Massachusetts statute requires non-Massachusetts resident motor vehicle owners to maintain Massachusetts Personal Injury Protection (PIP) provisions as part of their policy of liability insurance when their vehicles are operated in the Commonwealth of Massachusetts** has been *suppressed* by the judges who have adjudicated this Landmark Legal Discovery. Those judges are listed in Exhibit 1.

**Clear Ongoing Collusion**

This Class Action was filed on June 15, 2023. Nothing was done for almost 5 months after filing then the case was summarily dismissed by the same corrupted judge who dismissed other pleas for a declaration of law without any application of law to fact (Exhibit 6, 7). Here she did so once again for the Plaintiffs and entire Class without ever determining [a] whether there exists a Class, [b] whether the law as plead in the Complaint has been addressed, [c] whether the Plaintiffs' and Class Members' rights to due process and equal protection of the law have been violated by failing and refusing to address those rights among other rights which warrant interlocutory appeal for the reasons stated below, [d] whether there was a Class, [e] whether there was entitlement to a declaration of law by the Plaintiffs and Class Members, [f] whether the Plaintiff, ALLAN M. LEAVAITT, was, is, and will

always have, standing as a Class Representative, [g] among many other issues unaddressed by the trial court and for which neither the Plaintiffs nor Class Members have the reasons for dismissal for which they can argue on appeal.

Let us take a look at Appllees' claims in their request to stay the briefing schedule which is required to "...be set in accordance with Fed. R. App. P. 31(a)..."

### Appellees Misstate this Interlocutory Appeal

The Appellees' averment that "Leavitt is appealing the District Court's decision granting the Appellees' Motions to Dismiss, although no Final Judgment or Order of Dismissal has yet been entered in the District Court" is a false statement. This is an interlocutory appeal.

### Appellees Misstate this Interlocutory Appeal - Again

They also claim concerning this Class Action that "This case originally arose out of a motor vehicle tort action Leavitt brought in 2013 in the Suffolk Superior Court in Massachusetts." This is another false statement. This is a Class Action seeking declaratory relief. Take a "careful review of the record." Exhibits 3, 6, 7.

### Appellees Misstate this Interlocutory Appeal - Yet Again

Appellees also claim "Leavitt then commenced a federal action in 2020 in which he asserted substantially the same claims that had already been decided in

the 2013 state court litigation." This is another false statement for which the
Appellees for which their Counsel should be sanctioned.

### Appellees Misstate this Interlocutory Appeal - Yet Again

So desperate are the Appellees and the Court that they claim "Appellees will
all be requesting summary disposition which, if granted, will render full briefing
unnecessary." Appellees contend that it is premature to set a briefing schedule now
given the forthcoming requests for summary disposition." *The Appellees and the
Court* do not wish any further documentation of their *suppression* of the due
process rights of the Plaintiffs in this Class Action and the rights of the Class. They
do not wish the United States Court of Appeals or the Supreme Court of the United
States to become further involved in the most obvious *suppression* of the the rights
of due process in the history of American Jurisprudence.

The summary dismissal of the 21-1561 appeal without any referencing or
addressing of the *issues raised on appeal* represents a sad chapter in American
Jurisprudence as the law plead remains undeclared and no-one knows their rights.

Sadder still is the fact that the Appeals Court Judges cannot tell their
grandchildren whether **Massachusetts statute requires non-Massachusetts
resident motor vehicle owners to maintain Massachusetts PIP provisions as
part of their policy of liability insurance when their vehicles are operated in the**

**Commonwealth of Massachusetts** or that it does not. And that is their job.

Such conduct should not be viewed as a compliment.[8]

The matter before the Court involves *suppression* of the Plaintiffs' and Class Members' rights of due process and equal protection in a declaration of law involving urgent matters of "human welfare and public safety." *O'roak* v. *Lloyds Casualty Company*, 285 Mass. 532, 536 (1934). And though the District Court has *suppressed* addressing a declaration of law as well as whether there is a Class, shockingly, the *suppression* continues in the Court of Appeals for the First Circuit violating the Plaintiffs' and Class Members' due process and equal protection rights.

These matters involve the urgency of public interest pertaining to "human welfare and public safety."

What the Appellees are attempting to do here is to change the facts and relieve themselves of the crimes in which they have engaged with their legal counsel and the judiciary for the past ten years. This Court's allowing Appellees' request to stay the briefing schedule and motion for summary disposition (by way of this order to

---

8 This Court must tell the Plaintiffs and Class Members whether the law is as they have plead in Count I et seq.. The claims that these rights have been declared before (res judicata) in a state court action (*Rooker-Feldman*) represent fraud by these Appellees and the District Court Judge. They ask this Court to join them in their fraud once again. If those averments of res judicata and *Rooker-Feldman* are legitimate, this Court must show the Plaintiffs and Class Members exactly what document reflects that Massachusetts statute requires non-Massachusetts resident motor vehicle owners to maintain Massachusetts PIP provisions as part of their policy of liability insurance when their vehicles are operated in the Commonwealth of Massachusetts or that it does not.

show cause) is further evidence of collusion between the Appellees and this judiciary to *suppress* a declaration of law for these Plaintiffs and the Class Members.

**This Class Action Seeks a Declaration of Legislative Intent Disputed by the RICO enterprise Insurers, GEICO, USAA, and CIC**

**Massachusetts statute requires non-Massachusetts resident motor vehicle owners to maintain Massachusetts PIP provisions as part of their policy of liability insurance when their vehicles are operated in the Commonwealth of Massachusetts.** *See* Exhibit 3. It has since 1971. The insurers and this Court have participated in *suppressing* that as a declaration of law for the past eleven years and have engaged in the ultimate betrayal of Democracy. They have claimed the law plead here is res judicata. That it has been declared. In a state court action. Neither the District Court nor Appellees can (or will upon demand) point to where that law they say has been declared that *Massachusetts statute requires non-Massachusetts resident motor vehicle owners to maintain Massachusetts PIP provisions as part of their policy of liability insurance when their vehicles are operated in the Commonwealth of Massachusetts*. Or that it does not.

The fraud of the Appellees, GEICO, USAA, CIC, their Counsel and the Massachusetts state and federal judiciaries cannot be denied.

15

And because these RICO enterprises, GEICO, USAA, and CIC, along with the judiciaries, have done fraud so unsuccessfully, perhaps this Court[9] should do Justice so as to be released as their hostages.[10]

## CONCLUSION AND RELIEF SOUGHT

[1]    Because this is a Class Action that has been unaddressed in any way the the District Court which seeks to dismiss it summarily without adjudication:

[2]    Because this Class Action seeks a declaration of disputed law applicable to every person who enters into the Commonwealth of Massachusetts;

[3]    Because there has been no adjudication in District Court [a] whether there exists a Class, [b] whether the law as plead in the Complaint has been addressed, [c] whether the Plaintiffs' and Class Members' rights to due process and equal protection of the law have been violated by failing and refusing to address those rights among other rights which warrant interlocutory appeal for the reasons stated below, [d] whether there was a Class, [e] whether there was entitlement to a declaration of law by the Plaintiffs and Class Members, [f] whether the Plaintiff, ALLAN M. LEAVAITT, was, is, and will always have, standing as a Class

---

9 The Plaintiffs and Class Members anticipate Lynch, Gelpi, and Thompson, JJ. will participate in the adjudication of this matter as the District Court and the Appellees claim these matters are related to a prior law suit. Lynch, Gelpi, and Thompson, JJ. adjudicated a plea for a declaration of law in 2020 in the matter of No. 21-1561. *See* Exhibit 5. They *suppressed* a declaration of the law which claimed Massachusetts statute requires non-Massachusetts resident motor vehicle owners to maintain Massachusetts Personal Injury Protection (PIP) provisions as part of their policy of liability insurance when their vehicles are operated in the Commonwealth of Massachusetts and refused to address the issues raised on appeal in that case.

10 "Thou hast it now: King, Cawdor, Glamis, all, as the Weird Women promised; and I fear, Thou played'st most foully for't. Shakespeare, William. *Macbeth*, Act 3, Scene 1, lines 1 – 3.

Representative, [g] among many other issues unaddressed by the trial court and for which neither the Plaintiffs nor Class Members have the reasons for dismissal for which they can argue on appeal, this interlocutory appeal is warranted and this Court has jurisdiction of this interlocutory appeal to ORDER the District Court to address these issues;

[4]    Because res judicata and *Rooker-Feldman* could not possibly refer to claims by the Class;

[5]    Because even the existence of a Class has been *suppressed* by the District Court and was required to be addressed as a threshold matter (*See* Rule 23);

[6]    Because the Class Action Complaint (Exhibit 3) is cause enough on its face to warrant jurisdiction for this interlocutory appeal;

[7]    Because the District Court ORDER (139) conclusively determined (by way of *suppression*) Count I of the Class Action Complaint which alleged a Class and demanded a declaration of the law was summarily dismissed without being addressed *suppressing* the Plaintiffs' and Class Members' rights to due process and equal protection and that the ORDER (139) resolved those issues completely separate from the merits of the action, and the ORDER (139) is unreviewable for purposes of [a] whether there exists a Class, [b] whether the law as plead in the Complaint has been addressed, [c] whether the Plaintiffs' and Class Members' rights

17

to due process and equal protection of the law have been violated by failing and refusing to address those rights among other rights which warrant interlocutory appeal for the reasons stated below, [d] whether there was a Class, [e] whether there was entitlement to a declaration of law by the Plaintiffs and Class Members, [f] whether the Plaintiff, ALLAN M. LEAVAITT, was, is, and will always have, standing as a Class Representative, [g] among many other issues unaddressed by the trial court and for which neither the Plaintiffs nor Class Members have the reasons for dismissal for which they can argue on appeal,

interlocutory appeal is appropriate and this Court has jurisdiction over this interlocutory appeal.

The Plaintiffs and Class Members demand the Court refrain from summary disposition in this interlocutory appeal as they did in the 2021 appeal (21-1561) where the Court claimed "After our own careful review of the record,[11] we affirm, for substantially the reasons set forth in the district court's July 16, 2021 decision" and where there was [1] no application of law to fact and [2] no addressing of the issues raised on appeal. *See* Exhibit 5, page 2. In that appeal, this Court did not even require the Appllees (many of whom were never sued before) to file reply briefs[12]

11 This Court Claims it carefully review the Record pertaining to the 2020 District Court action. One look at the 382 page Complaint and the Court-limited 50 page Objected-to and Protested Amended Complaint, it is clear that not one Count in the 2020 District Court demand for declaration of law was plead in any state court action nor was even one count decided in a state court action. *See* Exhibits 6 and 7.

12 It is anticipated the Court will rule on their ORDER to show cause without requiring Appellees to respond. Further proof that the Court and Appellees are working together to *suppress* the law and attempt to avoid accountability. Relieving GEICO, USAA, and The Commerce Insurance Company from having to provide a

and summarily dismissed them fraudulently claiming res judicata and *Rooker-Feldman* applied to those never-before sued parties. The RICO enterprises, GEICO, USAA, and CIC had this Court hostage as it has this Court now.

For all of the foregoing reasons enumerated above, the Plaintiffs and Class Members aver they have shown cause that this Court clearly has jurisdiction to hear this interlocutory appeal.

Due process and Equal Protection of the laws require GEICO, USAA, and CIC to to respond to every issue raised in this Show Cause Response *prior* to this Court Ruling on the Show Cause ORDER as they are paid billions of dollars by the Class Members for protections of the very law in dispute before this Court. And they have intentionally conspired to *suppress* it. Now they must answer.

**Massachusetts statute requires non-Massachusetts resident motor vehicle owners to maintain Massachusetts PIP provisions as part of their policy of liability insurance when their vehicles are operated in the Commonwealth of Massachusetts** and has never been declared and resolved in any Court.

This is a Landmark Legal Discovery. This is history.

---

response to the claims made by the Plaintiffs has been a hallmark of the litigation of this Landmark Legal Discovery as evidenced by this clear phenomena of conspiracy.

Respectfully submitted,

/s/ William J. Ruotolo

William J. Ruotolo

BBO #628288

1st Cir. #39922

PO Box 111

North Scituate, RI 02857-0111

Tel: (401) 489-1051

Dated: April 6, 2024                    williamjruotolo@gmail.com

## CERTIFICATE OF SERVICE
## CASE: 24-1115

I hereby certify that these documents consisting of:

**PLAINTIFFS' AND CLASS MEMBERS' RESPONSE TO ORDER TO SHOW CAUSE WHY THIS APPEAL SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

and filed through the CM/ECF system have been sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non registered participants on:

**April 6, 2024**

The participants electronically notified are:

GEICO INDEMNITY COMPANY, by its attorneys, James L. Tuxbury, Esq., HINCKLEY, ALLEN & SNYDER, LLP 28 State Street Boston, MA 02109, jtuxbury@hinckleyallen.com and Barry I. Levy, Esq., RIVKIN RADLER LLP, 926 RXR Plaza, Uniondale, New York 11556, Barry.Levy@Rivkin.com, *and* Brian L. Bank, Esq.,     RIVKIN RADLER LLP, 926 RXR Plaza, Uniondale, New York 11556, Brian.Bank@Rivkin.com;

THE COMMERCE INSURANCE COMPANY, by its attorney, John Callahan, Esq., FINNEGAN, UNDERWOOD, RYAN & TIERNEY, 101 Federal Street, Suite 1900, Boston, MA 02110, jrc@furtlaw.com, *and*

UNITED SERVICES AUTOMOBILE ASSOCIATION, by its attorneys, Daniel P. Tighe     and Nathaniel R.B. Koslof, DONNELLY CONROY & GELHAAR, 260 Franklin Street,     Suite 1600, Boston, MA 02110, dpt@dcglaw.com, nrbk@dcglaw.com, and Rodger L.     Eckelberry, Esq. and Kevin P. Zimmerman, Esq., BAKER & HOSTETLER LLP, 200  South Civic Center Drive, Suite 1200, Columbus, OH 43215-4138, kzimmerman@bakerlaw.com, reckelberry@bakerlaw.com.

/s/ William J. Ruotolo

Dated: April 6, 2024

_____

William J. Ruotolo