# United States Court of Appeals
## For the First Circuit

_____

No. 24-1115

ALLAN M. LEAVITT, Individually, and as Class Representative,

Plaintiff - Appellant

J. DOE 1-100,

Plaintiff,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION, a Texas Department of Insurance Regulated Reciprocal Inter-insurance Exchange and Subsidiary; GEICO INDEMNITY COMPANY; THE COMMERCE INSURANCE COMPANY, INC.,

Defendants - Appellees,

J. ROE 1-100,

Defendant.

_____

**On Appeal From A Judgment In A Civil Case Entered In The United States District Court for the District of Massachusetts on January 19, 2024**

**SECOND MOTION FOR THE COURT TO ORDER THE CLERK TO ISSUE THE BRIEFING SCHEDULE**

        Respectfully submitted,

        ALLAN M. LEAVITT, etc.
        By their attorney:
        WILLIAM J. RUOTOLO
        PO Box 111, North Scituate, RI 02857
        (401) 489-1051

1

## **GROUNDS AND RELIEF SOUGHT**

**Relief Sought:** Once again, the Appellants seeks the Court order the Clerk to issue the briefing schedule in accordance with LR 31(a)(1) which states "Briefing schedules will be set in accordance with Fed. R. App. P. 31(a)..."

This interlocutory appeal was docketed in the United States Court of Appeals for the First Circuit on January 28, 2024. There has been no briefing schedule issued by the Court in the past 97 days (3 months, 7 days) since docketing of the appeal. Since then, this Court has ORDERED the Plaintiff and Class Members to voluntarily dismiss the appeal or show cause that this Court has jurisdiction to hear the appeal. The Plaintiff and Class Members did exactly that. Quite some time ago.

The matter before the Court involves *suppression* of the Plaintiffs' and Class Members' rights of due process and equal protection in a declaration of law involving urgent matters of "human welfare and public safety." *O'roak* v. *Lloyds Casualty Company*, 285 Mass. 532, 536 (1934). And though the District Court has *suppressed* addressing a declaration of law as well as whether there exists a Class, shockingly, the *suppression* continues in the Court of Appeals for the First Circuit violating the Plaintiffs' and Class Members' due process and equal protection rights.

**Ex Parte Communications.** Prior to any ruling on this motion, the Plaintiffs and Class Members demand the Judges involved in ruling on this response REVEAL ANY EX PARTE COMMUNICATIONS NOT PERMITTED BY THE CODE OF CONDUCT FOR UNITED STATES JUDGES, CANNON 3(A)(4), AND ITS COMMENTARY in accordance with their motion which has been filed.

### History of *Suppression*

The Complaint in this Class Action clearly plead in Count I:

> The entirety of this Class Action hinges and rests on the following proposition and plea for declaration[1] by the Class Members which is, and has been, denied by these Defendants:
>
> **Proposition and Plea for Declaration:** Massachusetts statute requires non-Massachusetts resident motor vehicle owners to maintain Massachusetts PIP provisions as part of their policy of liability insurance when their vehicles are operated in the Commonwealth of Massachusetts.

*See* Exhibit 3. The plea was that the District Court *declare* that plea (pages 36 – 38). Yet, that plea was *suppressed* and ignored. Without any application of law to fact. Without reason, justification, or excuse. *See* G.L. c. 231A, § 3 which requires a reason "state[d] in the record" should the Court refuse to declare the law. Not declaring the law deprives persons of knowing and being granted their rights. That is exactly what the judiciaries have done since September 16, 2013.

---

1  A declaration of the disputed law must be made for it is intended as a prospective trigger of coverage, rights, duties, and obligations; it is not a retrospective test. And people are entitled to know their rights.

And all the District Court Judge needed to do was to declare Massachusetts statute DOES NOT require non-Massachusetts resident motor vehicle owners to maintain Massachusetts PIP provisions as part of their policy of liability insurance when their vehicles are operated in the Commonwealth of Massachusetts. She refused to do so.[2] *See* Exhibit 4, p. 21, line 7 et seq.. Because the law was exactly as the Plaintiffs and Class Members have plead.

She was required to declare the law as a matter of due process. However, she intended to *suppress* a declaration of law and rights of due process. The judge ruled (in D.E. 136) that the matters plead above by the Class and Class Representative have been declared before in a state court action (the fraudulent grounds for dismissal relied upon by the Court at GEICO's, USAA's, and The Commerce Insurance Company's request were res judicata and *Rooker-Feldman* – neither were even remotely justified grounds).

### The Court Knows this is a Class Action

But what is clear, the Court has reviewed documents concerning the pleas made before the District Court. This Court knows well that the Complaint in District Court involves a Class Action. This Court knows well that the District Judge *suppressed* the rights of the Plaintiffs and Class Members by failing and

---

2  The same is true for the State Court. All judges have refused to do so because they cannot.

refusing to address [a] whether there exists a Class,[3] [b] whether the law as plead in the Complaint has been addressed, [c] whether the Plaintiffs' and Class Members' rights to due process and equal protection of the law have been violated by failing and refusing to address those rights among other rights which warrant interlocutory appeal for the reasons stated below, [d] whether there was a Class, [e] whether there was entitlement to a declaration of law by the Plaintiffs and Class Members, [f] whether the Plaintiff, ALLAN M. LEAVAITT, was, is, and will always have, standing as a Class Representative, [g] among many other issues unaddressed by the trial court and for which neither the Plaintiffs nor Class Members have the reasons for dismissal for which they can argue on appeal.

## Issues Unaddressed by the District Court

This Court has jurisdiction in this interlocutory appeal as these matters plead have not even been addressed by the District Court as her intent was to *suppress* those issues for which the Plaintiffs and Class Members have indicated require the Court's reasoning(s) for dismissal for purposes of appeal. She refused to address those issues.

The following appear to be the judges who ordered the Plaintiffs and Class Members to show cause why this appeal should not be dismissed for lack of

---

3  Rule 23 requires the Court to issue a Certification Order "At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." No effort was ever made by the District Court because her intent was to *suppress* a declaration of law for the Class. No Certification Order was made because the Court's intent was to *suppress* the Class's interests.

jurisdiction for the recent ORDER(s) were "By the Court:"[4] They have yet to rule on this interlocutory appeal in the past 97 days.

David J. Barron
Bruce Selya
Sandra L. Lynch
Kermit V. Lipez
Jeffrey R. Howard
O. Rogeriee Thompson
William J. Kayatta, Jr.
Gustavo A. Gelpi
Lara E. Montecalvo

Julie Rikelman

**Purpose of the Law to Be Declared**

The "welfare and safety" of, inter alia, children are involved in this Class Action. Those judges who participated in the ORDER(s) in the Court of Appeals have now made it to the list of those who have been involved in this Landmark Legal Discovery which states, but remains undeclared: **Massachusetts statute requires non-Massachusetts resident motor vehicle owners to maintain Massachusetts PIP provisions as part of their policy of liability insurance when their vehicles are operated in the Commonwealth of Massachusetts**. And which has been *suppressed* those judges.

---

4   *See* Exhibit 2.

## Insult to Justice

What a profound insult to justice for the Court of Appeals for the First Circuit to ORDER the Plaintiffs and Class Members to "move for voluntary dismissal of the appeal pursuant to Fed. R. App. P. 42(b), or to show cause, in writing, why this appeal should not be dismissed for lack of jurisdiction"[5] when, in fact, this Court knows (has has known since 2021 (in the 21-1561 appeal) that the matters before the Court involve *suppression* of the plea for declaratory relief which claims that **Massachusetts statute requires non-Massachusetts resident motor vehicle owners to maintain Massachusetts PIP provisions as part of their policy of liability insurance when their vehicles are operated in the Commonwealth of Massachusetts.** *See* all Complaints attached as exhibits. That law has never been declared because it has been *suppressed*. When the Plaintiffs and Class Members demanded the judge inform them where that law has been declared and what that law is that the Defendants claimed had been "declared," she refused to do so. She even refused to order GEICO, USAA, and The Commerce Insurance Company (CIC) to do so. *See* Exhibit 4, page 21, at 7, et seq.

## This is a Class Action

**Protecting the Class.** The Class Members and Plaintiffs request that this Court act as a *fiduciary* for the Class from the <u>inception</u> of this law suit and declare

---

5  *See* Exhibit 1.

7

the law for it has been long observed by the Federal Judicial Center that:

> Perhaps from the outset of the litigation..."the district judge must protect the class's interest by acting as a *fiduciary* for the class."

*Managing Class Action Litigation: A Pocket Guide for Judges,* Third Edition, Barbara J. Rothstein Thomas E. Willging, Federal Judicial Center 2010 quoting *In re* Rite Aid Corp. Securities Litigation*,* 396 F.3d 294, 307 (3d Cir. 2005). Emphasis added. The District judge failed to act as a fiduciary for the Class from the outset of the litigation or at any time. In fact, she was its worst enemy.[6] Because the District Court Judge has not protected the Class as a fiduciary would from the outset of the litigation, they ask that this Court do so.

### The Law As Plead

A declaration of law which states, but is undeclared that: **Massachusetts statute requires non-Massachusetts resident motor vehicle owners to maintain Massachusetts Personal Injury Protection (PIP) provisions as part of their policy of liability insurance when their vehicles are operated in the Commonwealth of Massachusetts** has been *suppressed* by the judges who have adjudicated this Landmark Legal Discovery. Those judges are listed in Exhibit 1.

---

6  It is unfortunate that the Court did not allow and audio and video taping of the December 13, 2023 proceedings. For the the Plaintiffs' and Class Members' Counsel referenced the authority of the Federal Judicial Center and they have documented their belief that perhaps from the outset of the litigation..."the district judge must protect the class's interest by acting as a fiduciary for the class," the District Court Judge rolled her eyes in contempt. This is evidenced by the fact that this Judge never once referenced the rights of the Class Members or even if there was a Class. And even struck papers from the record which were filed by the Class.

## Clear Ongoing Collusion

This Class Action was filed on June 15, 2023. Nothing was done (i.e. there were no rulings on numerous motions filed) for almost 5 months after filing then the case was summarily dismissed by the same corrupted judge[7] who dismissed other pleas for a declaration of law without any application of law to fact (Exhibit 6, 7). Here she did so once again for the Plaintiffs and entire Class without ever determining [a] whether there exists a Class, [b] whether the law as plead in the Complaint has been addressed, [c] whether the Plaintiffs' and Class Members' rights to due process and equal protection of the law have been violated by failing and refusing to address those rights among other rights which warrant interlocutory appeal for the reasons stated below, [d] whether there was a Class, [e] whether there was entitlement to a declaration of law by the Plaintiffs and Class Members, [f] whether the Plaintiff, ALLAN M. LEAVAITT, was, is, and will always have, standing as a Class Representative, [g] among many other issues unaddressed by the trial court and for which neither the Plaintiffs nor Class Members have the reasons for dismissal for which they can argue on appeal.

---

[7] This judge ignored the Counts in the Complaint, the arguments by the Plaintiffs and Class Members, refused to allow the Public (Class Members) to listen telephonically to the December 13, 2023 hearing, and refused to reveal ex parte communications not permitted by the Code of Conduct for United States Judges when requested to do so by the Plaintiffs and Class Members. Far from impartial adjudication.

**This Class Action Seeks a Declaration of Legislative Intent Disputed by the RICO Enterprise Insurers, GEICO, USAA, and CIC**

**Massachusetts statute requires non-Massachusetts resident motor vehicle owners to maintain Massachusetts PIP provisions as part of their policy of liability insurance when their vehicles are operated in the Commonwealth of Massachusetts.** *See* Exhibit 3. It has since 1971. The insurers and this Court have participated in *suppressing* that as a declaration of law for the past eleven years and have engaged in the ultimate betrayal of Democracy. They have claimed the law plead here is res judicata. That it has been declared. In a state court action. Neither the District Court nor Appellees can (or will upon demand) point to where that law they say has been declared that *Massachusetts statute requires non-Massachusetts resident motor vehicle owners to maintain Massachusetts PIP provisions as part of their policy of liability insurance when their vehicles are operated in the Commonwealth of Massachusetts*. Or that it does not.

The fraud of the Appellees, GEICO, USAA, CIC, their Counsel and the Massachusetts state and federal judiciaries cannot be denied.

And because these RICO enterprises, GEICO, USAA, and The Commerce Insurance Company, along with the judiciaries, have done fraud so unsuccessfully, perhaps this Court[8] should do Justice so as to be released as their hostages.[9]

## Mandamus

Should this Court not act forthwith regarding the interlocutory appeal, a mandamus with the Supreme Court of the United States will be required. The fraud engaged by GEICO, USAA, The Commerce Insurance Company, their Counsel, the Judges, etc. must end now.

## Criminal Investigation

The Plaintiffs and Class Members have an obligation to demand a criminal investigation into the conduct of GEICO, USAA, The Commerce Insurance Company, their Directors and Officers, their Counsel in each legal action since September 16, 2013, the Judges in those cases, Berkshire Hathaway, Inc. and "MAPFRE." For all had knowledge of the *suppression* for many years. And that in which they engaged represent the most significant crimes in American Jurisprudence.

---

8  The Plaintiffs and Class Members anticipate Lynch, Gelpi, and Thompson, JJ. will participate in the adjudication of this matter as the District Court and the Appellees claim these matters are related to a prior law suit. Lynch, Gelpi, and Thompson, JJ. adjudicated a plea for a declaration of law in 2020 in the matter of No. 21-1561. *See* Exhibit 5. They *suppressed* a declaration of the law which claimed Massachusetts statute requires non-Massachusetts resident motor vehicle owners to maintain Massachusetts Personal Injury Protection (PIP) provisions as part of their policy of liability insurance when their vehicles are operated in the Commonwealth of Massachusetts and refused to address the issues raised on appeal in that case.

9  "Thou hast it now: King, Cawdor, Glamis, all, as the Weird Women promised; and I fear, Thou played'st most foully for't." Shakespeare, William. *Macbeth*, Act 3, Scene 1, lines 1 – 3.

## CONCLUSION AND RELIEF SOUGHT

The Plaintiffs and Class Members demand the Court immediately issue the briefing schedule.

The Plaintiffs and Class Members demand the Court refrain from summary disposition in the interlocutory appeal as they did in the 2021 appeal (21-1561) where the Court claimed "After our own careful review of the record,[10] we affirm, for substantially the reasons set forth in the district court's July 16, 2021 decision" and where there was [1] no application of law to fact and [2] no addressing of the issues raised on appeal. *See* Exhibit 5, page 2. In that appeal, this Court did not even require the Appllees (many of whom were never sued before) to file reply briefs[11] and summarily dismissed them fraudulently claiming res judicata and *Rooker-Feldman* applied to those never-before sued parties. The RICO enterprises, GEICO, USAA, and CIC had this Court hostage as it has this Court now.[12]

Due process and Equal Protection of the laws require GEICO, USAA, and CIC to to respond to every issue raised in this motion *prior* to this Court Ruling on

---

10 This Court Claims it carefully review the Record pertaining to the 2020 District Court action. One look at the 382 page Complaint and the Court-limited 50 page Objected-to and Protested Amended Complaint, it is clear that not one Count in the 2020 District Court demand for declaration of law was plead in any state court action nor was even one count decided in a state court action. *See* Exhibits 6 and 7.

11 It is anticipated the Court will rule on the ORDER to show cause without requiring Appellees to respond. Further proof that the Court and Appellees are working together to *suppress* the law and attempt to avoid accountability. Relieving GEICO, USAA, and The Commerce Insurance Company from having to provide a response to the claims made by the Plaintiffs has been a hallmark of the litigation of this Landmark Legal Discovery as evidenced by this clear phenomena of conspiracy.

12 When this is over, the realization will crystallize for GEICO, USAA, and The Commerce Insurance Company that they, all the while, have been the only hostages in this eleven year saga. Hostages by their own hand.

the Show Cause ORDER as they are paid billions of dollars by the Class Members for protections of the very law in dispute before this Court. And they have intentionally conspired to *suppress* it. Now they must answer.

**Massachusetts statute requires non-Massachusetts resident motor vehicle owners to maintain Massachusetts PIP provisions as part of their policy of liability insurance when their vehicles are operated in the Commonwealth of Massachusetts** and has never been declared and resolved in any Court.

This is a Landmark Legal Discovery. This is history.

## **CONCLUSION**

WHEREFORE, the Appellants and Class Members seek the Court order the Clerk to issue the briefing schedule in accordance with LR 31(a)(1).

                                              Respectfully submitted,

                                              /s/ William J. Ruotolo
                                              William J. Ruotolo
                                              BBO #628288
                                              1st Cir. #39922
                                              PO Box 111
                                              North Scituate, RI 02857-0111
                                              Tel: (401) 489-1051

Dated: May 4, 2024                         williamjruotolo@gmail.com

# CERTIFICATE OF SERVICE
## CASE: 24-1115

I hereby certify that these documents consisting of:

**SECOND MOTION FOR THE COURT TO ORDER THE CLERK TO ISSUE THE BRIEFING SCHEDULE**

and filed through the CM/ECF system have been sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non registered participants on:

**May 4, 2024**

The participants electronically notified are:

GEICO INDEMNITY COMPANY, by its attorneys, James L. Tuxbury, Esq., HINCKLEY, ALLEN & SNYDER, LLP 28 State Street Boston, MA 02109, jtuxbury@hinckleyallen.com and Barry I. Levy, Esq., RIVKIN RADLER LLP, 926 RXR Plaza, Uniondale, New York 11556, Barry.Levy@Rivkin.com, *and* Brian L. Bank, Esq., RIVKIN RADLER LLP, 926 RXR Plaza, Uniondale, New York 11556, Brian.Bank@Rivkin.com;

THE COMMERCE INSURANCE COMPANY, by its attorney, John Callahan, Esq., FINNEGAN, UNDERWOOD, RYAN & TIERNEY, 101 Federal Street, Suite 1900, Boston, MA 02110, jrc@furtlaw.com, *and*

UNITED SERVICES AUTOMOBILE ASSOCIATION, by its attorneys, Daniel P. Tighe and Nathaniel R.B. Koslof, DONNELLY CONROY & GELHAAR, 260 Franklin Street, Suite 1600, Boston, MA 02110, dpt@dcglaw.com, nrbk@dcglaw.com, and Rodger L. Eckelberry, Esq. and Kevin P. Zimmerman, Esq., BAKER & HOSTETLER LLP, 200 South Civic Center Drive, Suite 1200, Columbus, OH 43215-4138, kzimmerman@bakerlaw.com, reckelberry@bakerlaw.com.

Dated: May 4, 2024

/s/ William J. Ruotolo

_____

William J. Ruotolo